2011 UT App 12

**ATLANTIC CREDIT AND FINANCE, INC., Plaintiff and Appellee,**

v.

**Kristen JENSEN, Defendant and Appellant.**

**No. 20100870–CA.**

Court of Appeals of Utah.

Jan. 13, 2011.

---

1. Jensen also asserts that the trial court's failure to decide her motion to dismiss violated her constitutional rights. However, not only is her argument based on an inaccurate factual understanding of the case, the issue was not preserved in the trial court. As a result, it is not properly before this court. *See 438 Main St. v. Easy Heat,*

---

Kristen Jensen, Brigham City, Appellant Pro Se.

Grady R. McNett, Sandy, for Appellee.

Before Judges THORNE, VOROS, and CHRISTIANSEN.

MEMORANDUM DECISION

PER CURIAM:

¶1 Kristen Jensen appeals the trial court's entry of judgment against her in a debt collection action. This is before the court on its own motion for summary disposition based on the lack of a substantial question for review.

¶2 Jensen first asserts that the trial court erred in failing to decide her motion to dismiss before entering judgment on the debt. As a basis for this, she asserts that a notice to submit had been filed. However, the record shows that the only notice to submit for the motion to dismiss was improperly filed and that, as a result, the trial court struck the notice. The notice stated that no response had been filed. The trial court noted that this was inaccurate and permitted Jensen time to file a reply to the properly filed response. After pleadings were completed, Jensen should have filed a new notice to submit, but she did not do so. Accordingly, her motion to dismiss was not before the trial court for decision before the entry of judgment.[1]

¶3 Jensen also asserts that the trial court erred in accepting pleadings from Atlantic Credit and Finance, Inc.'s (Atlantic) attorneys, whom Jensen designates as "nonpart[ies]." She asserts that they lack

---

*Inc.,* 2004 UT 72, ¶51, 99 P.3d 801 (stating that issues that are not preserved in the trial court are waived on appeal).

Additionally, even if failing to decide the motion before judgment was error, it was harmless. The motion to dismiss had no factual or legal basis to warrant dismissal of the case. It was premised on the allegation that the law firm accepting payments under the stipulated agreement had moved. However, in its response to the motion, the law firm reaffirmed its address as the same address to which Jensen had been sending payments.

standing to file documents. However, Atlantic is the actual party to the action; the attorneys are its representatives. Additionally, the attorney-client relationship between the attorneys filing the pleadings and Atlantic appears to have been continuous and the attorneys had not changed addresses. Accordingly, no notice of substitution or change of address was necessary.

¶ 4 Jensen also attempts to assert a fraud claim under federal law on appeal. This claim is not properly before this court. This court has appellate jurisdiction. *See* Utah Code Ann. § 78A–4–103 (Supp.2010). Jensen appears to be asserting an original claim for damages based on mail fraud under federal law. Such a claim is not within this court's jurisdiction.

¶ 5 In her response to this court's sua sponte motion, Jensen lists issues not noted in her docketing statement, but without any argument or support. We have considered these additional issues and find them to be without merit. We do not address them further. *See Beehive Brick Co. v. Robinson Brick Co.*, 780 P.2d 827, 833 (Utah Ct.App. 1989) (noting the principle that the court "need not analyze and address in writing each and every argument").

¶ 6 Affirmed.